UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE CLINKSCALES,                    Civil Action No.: 19-11039
                                       Honorable Gershwin A. Drain
                    Plaintiff          Magistrate Judge Elizabeth A. Stafford

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,[1]

                    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 10, 13]

Plaintiff Denise Clinkscales appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act.  Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and (C).  The Court **RECOMMENDS** that:

- Clinkscales's motion [ECF No. 10] be **DENIED**;

- the Commissioner's motion [ECF No. 13] be **GRANTED**; and

---

[1] Under Federal Rule of Civil Procedure 25(d), Saul is the successor defendant.

- the ALJ's decision be **AFFIRMED** under sentence four of 42
  U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Background and Disability Application

Born February 19, 1972, Clinkscales was 44 years old on the date of application, November 7, 2016.  [ECF No. 8-2, PageID.37].  She has no past relevant work.  [*Id.*, PageID.43].  Clinkscales claimed disability from depression, high blood pressure, anxiety and anger management.  [ECF No. 8-3, PageID.72].

After a hearing in January 2018, during which Clinkscales and a vocational expert (VE) testified, the ALJ found her not disabled.  [ECF No. 8-2, PageID.51-68].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, PageID.26-29]. Clinkscales timely filed for judicial review.  [ECF No. 1].

### B.   The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

2

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 416.920(a)(4).   Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 920(c).

3

Applying this framework, the ALJ concluded that Clinkscales was not disabled.  At the first step, she found that Clinkscales had not engaged in substantial gainful activity from her application date.  [ECF No. 8-2, PageID.39].  At the second step, she found that Clinkscales had the severe impairments of "depression, panic disorder with agoraphobia, substance abuse disorder—alcohol, obesity and essential hypertension."  [*Id.*].  She found that Clinkscales' renal insufficiency and diabetes mellitus were not severe.  [*Id.*].  Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  [*Id.*, PageID.39-42].

Between the third and fourth steps, the ALJ found that Clinkscales had the RFC to perform "medium work, but with the following nonexertional limitations: only simple, routine tasks and simple work related decisions; and no more than occasional contact with supervisors, coworkers and the general public."  [*Id.*, PageID.42].  At step four, the ALJ found that Clinkscales had no past relevant work.  [*Id.*, PageID.46].  At the final step, after considering Clinkscales's age, education, work experience, RFC and the testimony of the VE, the ALJ also concluded that Clinkscales could perform jobs that existed in significant numbers in the national economy, including hand packer, checker, inspector, clerical, packer and sorter.  [*Id.*,

4

PageID.47].

## II.    ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Clinkscales argues that the ALJ erred at step three by finding she did not meet Listing 12.06, and by not assigning proper weight to the opinion evidence.  [ECF No. 10].  The Court finds that Clinkscales's cursory arguments lack merit and that the ALJ's decision should be affirmed.

**A.**

Clinkscales argues that her panic disorder diagnosis established that she met Listing 12.06.  [ECF No. 10].  But a diagnosis alone does not dictate a finding of disability.  *Higgs v. Bowen*, 880 F.2d 860,863 (6th Cir. 1988).  "When a claimant alleges that he meets or equals a listed impairment, [she] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment." *Thacker* v. *Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004). Clinkscales asserts that her panic attacks prevent her from going outside, and that as a result of her diagnosed panic disorder she has marked limitations in interacting with others and adapting herself.  [ECF No. 10, PageID.591].  She cites no specific evidence from the medical record to support this argument; instead, she references her entire psychiatric treatment record, as well as her own hearing testimony that she is frustrated by household chores, brings her sister with her to therapy appointments and stays in her pajamas.  [*Id.*].

Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[.]'"  *ECIMOS, LLC v. Nortek Global HVAC,* LLC, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v.* Kelsey, 125 F.3d 989,

6

995 (6th Cir. 1997).  "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n. 1 (6th Cir. 2019) (citation and internal quotations omitted).  Here, Clinkscales' underdeveloped argument that she met Listing 12.06 consists of a perfunctory few sentences and no effort to assess the record evidence against the listing's criteria.  Her Listing 12.06 argument is waived.

## B.

Clinkscales' cursory argument is also insufficient for her to meet her burden of showing that the ALJ committed reversible error at step three. "[W]hen considering presumptive disability at Step Three, an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his or her findings and conclusions in order to facilitate meaningful review." *Grandstaff v. Comm'r of Soc. Sec.*, 2017 WL 4251734, at *5 (E.D. Mich. Sept. 26, 2017).  Here, the ALJ's step three analysis complied with this requirement.

Specifically, the ALJ addressed Clinkscales' severe mental impairments and analyzed them against the Paragraph B criteria for Listings 12.04 and 12.06.[3]  As the ALJ explained:

---

[3] 20 C.F.R. pt. 404, Subpt. P, App. 1, Listings 12.04, 12.06

> To satisfy the 'paragraph B' criteria, the mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves.

> A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately or effectively, and on a sustained basis.

[ECF No. 8-2, PageID.40]. The ALJ then conducted a thorough analysis of Clinkscales' functional limitations under that criteria. [*Id.*, PageID.40-42].

In completing this analysis, the ALJ relied on the opinion of consultative psychiatric examiner, Rownak Hasan, M.D., assigning it great weight.[4] After examining Clinkscales, Dr. Hasan determined that she could understand and follow simple written instructions, but showed some cognitive deficiency. [ECF No. 8-7, PageID.396; ECF No. 8-2, PageID.41]. He found that her hygiene and grooming were good and that she was able to take care of her basic needs. [ECF No. 8-7, PageID. 395].

The ALJ also assigned great weight to the opinion of reviewing consultant, Dyan Hampton-Aytch, Ph.D., finding her opinions largely

---

[4] The ALJ afforded only limited weight to Dr. Hasan's opinion to the extent it did not find any particular limitation in her ability to interact with others. [ECF No. 8-2, PageID.41].

8

consistent with the reported activities and the treatment documentation. [*Id.*].  Dr. Hampton-Aytch found Clinkscales to be mildly limited in her ability to understand, remember and apply information and in her ability to adapt and manage herself.  [ECF No. 8-3, PageID.77].  She found Clinkscales moderately limited in ability to interact with others and to concentrate, persist and maintain pace.  [*Id.*].

The ALJ analyzed the medical opinion evidence along with the treatment records, Clinkscales' testimony at hearing and statements in her disability function report, including that she could not stay focused and complete tasks, she avoided contact with people, she did light housework and had no problems with independent personal care.  [ECF No. 8-6, PageID.192-199].  Under the criteria of Paragraph B of the Listings, the ALJ assessed Clinkscales' abilities to "understand, remember and apply information" and "adapt and manage oneself" to be mildly impaired, and her abilities to "interact with others" and "concentrate, persist or maintain pace," to be moderately limited.  [ECF No. 8-2, PageID.40-42].  Because Clinkscales had no marked limitation, the ALJ found that her mental impairments did not meet a listing.  [*Id.*].  The ALJ's analysis of Clinkscales' mental impairment comports with the substantial evidence standard.  *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011)

(ALJ's analysis that compared medical history and testimony to listing criteria "clearly [met] the substantial evidence standard").

To support her argument that the ALJ committed reversible error by finding that her impairment did not meet or equal Listing 12.06, Clinkscales "must point to specific evidence that demonstrates [she] reasonably could meet or equal every requirement of the listing." *Smith–Johnson v. Comm'r of Soc. Sec.,* 579 F. App'x 426, 432 (6th Cir. 2014). "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id.* at 433. As noted, the only support Clinkscales offers to show she met Listing 12.06 is the unspecified reference to her entire treatment record, and her own testimony from the hearing. Clinkscales thus fails to satisfy her burden of showing that she had marked limitations in two of the four functional criteria set forth in Paragraph B of Listing 12.06. She has shown no reversible error.

## C.

Clinkscales also argues that the ALJ erred by assigning great weight to the consultative examiner's opinions without assigning any weight to those of her treating physicians. The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions about the nature and severity of a claimant's condition when those opinions are well-

10

supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 723, 727-29; *Rogers,* 486 F.3d at 242-43.  Here, there is no treating medical opinion in the record.[5]

"Medical opinions" are statements "that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." §§ 404.1527(a)(2).  A doctor's observations, without more, are not considered "medical opinions" under the Social Security regulations, and "are not the type of information from a treating physician which will be provided great weight under [the regulations]." *Soto v. Comm'r of Soc. Sec.*, 2018 WL 2181098, at *5 (E.D. Mich. 2018) (internal quotation marks omitted).  Clinkscales' treatment records are not considered opinions and thus are entitled to no particular weight under § 404.1527(c).  Her treating-physician-rule argument is without merit.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that

---

[5] GAF scores do not constitute medical opinions.  *Harrell v. Comm'r of Soc. Sec.*, 18-10698, 2020 WL 435229, at *11 (E.D. Mich. Jan. 28, 2020).

Clinkscales's motion [ECF No. 10] be **DENIED**; that the Commissioner's motion [ECF No. 13] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD

Dated: April 21, 2020            United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

13